### PERSONS et al. v. BELING et al.

(Circuit Court, E. D. North Carolina. July 16, 1902.)

1. TAX TITLE—EQUITY—FRAUD.

Where one acting as attorney in fact or agent of a bank secured a sale of its lands for taxes after it went into the hands of receivers, and purchased the tax title thereto, such title is void in equity for fraud, though regular in other respects, and according to the state statutes.

2. DEPOSITIONS—OBJECTIONS—SUFFICIENCY.

The mere interposition of the word "objection" in depositions, or the statement that one or the other party excepts, is not sufficient to raise the questions on the hearing by the court.

In Equity.

Shepherd & Shepherd and Norris Morey, for complainants.
F. H. Busbee and E. F. Aydlett, for defendants.

PURNELL, District Judge. Henry H. Persons and John R. Hazell, receivers of the Bank of Commerce, Buffalo, N. Y., brought suit in the superior court of Tyrrell county against Chas. G. Beling and others to set aside a tax deed, and for other purposes stated in the complaint. On the petition of the defendants the cause was removed to the circuit court, and to the equity side of the docket. On the hearing the defendants suggested that the cause be remanded to the state court, which suggestion was not adopted by the court, and jurisdiction retained.

The purpose of the suit, after removing cloud upon title, is to foreclose a mortgage to secure $50,000, due to the Bank of Commerce, and secured by a deed of trust to Martin Clark, executed in 1892, covering certain lands described in the complaint, lying in Tyrrell county, N. C. Clark was a mere naked trustee for the bank, and assigned his interest to the receivers of the bank. This is the

¶ 2. See Depositions, vol. 16, Cent. Dig. §§ 324–326.

title of the bank which the receivers ask to be foreclosed.   Defendants. Wirgman and Beling claim title to the land by virtue of a tax title obtained at a sale by the sheriff of Tyrrell county for taxes for 1896. It appears from the record that for many years Andrew Brown,. one of the defendants, acted as attorney in fact or agent of the Bank of Commerce in its transactions touching this land in North Carolina,· and when the bank went into the hands of receivers, Andrew Brown,. through the instrumentality of others, secured a sale of this land for taxes, at which sale the title was secured which is set up as a defense.   In equity this is a fraud, which the court will not sustain, though it may be regular in other respects, and according to the state statute; this tax deed must be declared void for fraud.

The record is incumbered with much unnecessary and incomprehensible testimony, to which there are objections, which no chancellor can be required to wade through for the purpose of deciding.

No grounds for objections are stated, and the mere interposition of the word "objection" in depositions, or the statement that one or the other party objects, is not sufficient to require the court to. wade through voluminous depositions, and sift them, for the purpose of applying objections not stated.   An objection must point out the question or answer, that the court may pass upon- it.· Toplitz v.. Hedden, 146 U. S. 252, 13 Sup. Ct. 70, 36 L. Ed. 961.   For instance, take objection No. 1, which is a simple statement objection to all the evidence on pages 3, 5, 7, and 8, given by H. H. Persons on January 10, 1901.· Of course, this objection has no force, and is overruled on this ground.   So is the general objection to the deposition on pages 10, 11, 12, 13, 43, 44, 45, 46, 47, 48, 49, 50, 52, 54, 56. . These, and all other objections to depositions for which no reason is assigned in the deposition itself, are overruled.   To pass upon all the questions raised in this way would require an octavo· volume, which the court does not propose to write.

It is therefore considered, ordered, and decreed—first, that the suggestion to remand to the state court is not adopted, but overruled and refused; second, that the tax title set forth in the pleadings to Wirgman and Beling be, and the same is hereby, declared null and void for fraud in obtaining the same; third, that the mortgage set up in the complaint, now treated as a bill in equity, be foreclosed according to the terms thereof, and the land therein described· sold at public auction by a commissioner of this court to be hereafter designated, and the proceeds .of sale paid into the registry of the · court.   And this cause is held for further order.